## IN THE COURT OF APPEALS OF IOWA

No. 23-0850
Filed April 10, 2024

**IN RE THE MARRIAGE OF CHRISTINA LYNN JENNINGS
AND WAYNE ALLEN JENNINGS**

**Upon the Petition of
CHRISTINA LYNN JENNINGS,**
        Petitioner-Appellee,

**And Concerning
WAYNE ALLEN JENNINGS,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Story County, Bethany Currie,

Judge.


        A father appeals from an order modifying the physical-care placement of

one of the parties' children to the mother's physical care. **AFFIRMED.**


        Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West

Des Moines, for appellant.

        Jamie Hunter of Dickey & Campbell Law Firm, PLC, Des Moines, for

appellee.


        Considered by Schumacher, P.J., and Ahlers and Langholz, JJ.

**LANGHOLZ, Judge.**

Wayne Jennings appeals from an order granting Christina Jennings's petition to modify the physical-care provisions of their dissolution decree and changing the placement of one of their children from joint physical care to Christina's physical care.[1] Yet Wayne does not make a challenge to the merits of the modification order. Rather, he contends only that the district court improperly limited the evidence he could present at the one-day modification trial. And so, Wayne asks us to reverse the district court's order and remand for a new trial.

But—as Christina correctly points out—Wayne did not preserve error on this argument. He accepted the limitations during trial and made no offers of proof on the evidence he now asserts was improperly kept out of the record. And to the extent that he argues the error only became apparent after the district court's ruling, he did not bring that error to the court's attention by moving to reconsider or enlarge the court's ruling under Iowa Rule of Civil Procedure 1.904. Because error is not preserved, we cannot consider his only argument on appeal. And given the financial circumstances of the parties and the relative merits of the appeal, we grant Christina's request for $4394 in appellate attorney fees.

## I. Error Preservation

Before we can consider a claim of error on appeal, a party must first preserve the error by raising it in the district court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). This gives the district court a chance to correct the error itself "at a time when corrective action can be taken." *In re Marriage of Heiar*,

---

[1] The parties' two other children are no longer minors and thus not subject to placement under the dissolution decree.

954 N.W.2d 464, 470 (Iowa Ct. App. 2020) (cleaned up). It prevents "sandbagging—that is, it does not allow a party to choose to remain silent in the trial court in the face of error, take a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable." *State v. Crawford*, 972 N.W.2d 189, 199 (Iowa 2022) (cleaned up). And it ensures that we are acting as a court *of appeals*, reviewing a decision made by the district court rather than considering it for the first time on appeal. *See Meier*, 641 N.W.2d at 537. This error-preservation requirement applies even to dissolution proceedings that we review de novo. *See In re Marriage of Huston*, 263 N.W.2d 697, 699–700 (Iowa 1978).

Wayne's sole argument on appeal is procedural. He argues that the district court improperly prevented him from presenting evidence about the parties' conduct before December 2020 and then considered some evidence that the parties had still submitted from that earlier timeframe in its modification ruling. And he contends this prejudiced him because he would have presented his case differently if the district court had not limited him. But Wayne did not take the actions in the district court that he should have to preserve error for our review.

The issue Wayne tries to challenge arose because the district court is first tasked in this modification proceeding with deciding whether a substantial and material change in circumstances arose since the last modification order. *See Shepard v. Gerholdt*, 60 N.W.2d 547, 549 (Iowa 1953). As the district court explained in its ruling, "physical care was not raised as an issue since the modification pending in 2015/2016." But the parties kept litigating on various other issues after that time, resulting in multiple orders, including a December 2020 order

that adopted the parties' stipulation, which as the court explained, "confirmed joint legal custody and shared physical care, but those were not genuine issues raised in those proceedings."

Early in the trial, the court tried to steer the parties to focus on the relevant time frame and mistakenly thought the relevant order was the one from December 2020, stating, "I don't even remember what the question was from a thousand years ago, but I do know that there was a most recent stipulation in 2020, I think, so nothing should be going before December of 2020. None of that is relevant unless you're just saying, hey, nothing changed." In response, Wayne's counsel did not correct the court's mistake. Instead, he reinforced it, asking "Just so there's some clarity for everyone involved, because it might get this case done quicker, the court is looking at what has changed since the last court order which was in December of 2020; is that correct?" The court agreed and Wayne then generally proceeded through trial within that limitation.

Wayne also highlights that the court made similar references later in trial—including when, in response to his attempt to offer an exhibit, the court asked his counsel, "[C]an you tell me succinctly what Exhibit O adds to this case where I'm caring about 2020 and forward and we've already had this witness testify and agree with you about what happened[?]" Again, rather than disputing the issue, his counsel replied, "You know what, that's a fair comment and I withdraw me offering the tape." The exhibit was not admitted into evidence. Nor was it submitted as an offer of proof. Indeed, Wayne made no offer of proof on any of the testimony or other evidence that he now claims he would have presented. That failure is fatal to raising a claim on appeal that the evidence was improperly

excluded from trial. *See In re Marriage of Daniels*, 568 N.W.2d 51, 55 n.2 (Iowa Ct. App. 1997) ("[W]e recognize an offer of proof is necessary to preserve error in the exclusion of evidence.")

Wayne also argues that we should reverse because the district court recognized its mistake in its ruling "following a careful review of the court docket," and analyzed the facts based on any substantial change in circumstances from the "2015/2016" modification proceeding rather than just from December 2020. The court reasoned that "at trial both parties offered—and the Court admitted— evidence that pre-dated the 2020 Order so the parties were allowed to fully litigate this issue."

Even assuming that it was error for the court to consider a broader timeframe than it had suggested it would at trial, Wayne failed to preserve error on this argument too. After receiving the court's ruling, he did not bring the alleged error to court's attention—or ask for the opportunity to supplement the record—by moving to reconsider, enlarge or amend the court's ruling. *See* Iowa R. Civ. P. 1.904(2). He needed to do so to preserve error. *See In re Marriage of Gensley*, 777 N.W.2d 705, 718–19 (Iowa Ct. App. 2009) (holding error was not preserved regarding issue only apparent from text of the decree after it was issued when neither party filed rule 1.904 motion); *Meier*, 641 N.W.2d at 537 ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Because error was not preserved, we do not consider the merits of Wayne's arguments.

**II.    Appellate Attorney Fees**

In a dissolution modification proceeding, we "may award attorney fees to the prevailing party in an amount deemed reasonable."  Iowa Code § 598.36 (2022).  And in exercising that discretion, we consider "the parties' respective abilities to pay," the extent that the party prevailed, and whether the party had to defend the trial court's decision on appeal.  *In re Marriage of Michael*, 839 N.W.2d 630, 639 (Iowa 2013).

Christina asks that we exercise our discretion to award her $4394 in appellate attorney fees, and she submitted an affidavit of attorney fees supporting this amount.  All the factors support her request.  Christina is the prevailing party.  She makes about half as much income as Wayne.  She had to defend the district court's decision from an unpreserved challenge that should have been raised in the district court rather than this appeal.  And the amount of fees was reasonable for a concise brief that ably pointed out the deficiencies with this appeal.  We thus grant Christina's request and award her $4394 in appellate attorney fees.

**AFFIRMED.**